Moss, Judge,
delivered the opinion ,of the court:
Plaintiffs are asking to recover the sum of $1,161.04 paid as estate tax on the estate of Rufus B. Overlander, who died January 15, 1919. The claim is based on the contention that the gross estate of decedent has been erroneously increased by the Commissioner of Internal Revenue, and also that certain deductions claimed by the executors were erroneously disallowed by the commissioner in determining the net estate.
The real estate, which consisted of a farm of 360 acres and a certain piece of town property, was returned by the executors as of the value of $48,500. The commissioner determined its value to be $88,500. In determining this value the commissioner has taken the maximum estimate on both farm land and town property. The lowest estimate on the farm by a Government witness is $63,000, and this is the highest estimate given by any of plaintiffs’ witnesses. It amounts to $175 per acre. In our opinion this is a fair value for the farm land. The sum of $6,000 on the town property is the highest estimate for the plaintiffs and the lowest for the Government, and this amount, we believe, represents the correct value for same. The value therefore determined by the commissioner will be reduced from $88,500 to $69,000.
*536 It is conceded that the item of $250 for household goods should be excluded from the gross estate, and that the item of $340 for a monument is a proper deduction, the excess payment of taxes by reason of such corrections being $23.60 (Finding IY). The item of $30 increase in deductions on account of probate costs is not in question.
There is no proof of the fair market value of decedent’s interest in bonds, nor as to the growing crops at the time of decedent’s death, nor is there satisfactory evidence respecting the deductions of real-estate taxes ($206.51 as returned, and $7.92 as corrected on review), or the legacy to the widow of $500, both items being claimed as support of dependents.
Certain notes executed by decedent’s sons in the aggregate sum of $7,568.73 were included by the executors in the gross estate, but plaintiffs contend that same should have been deducted in the recapitulation of the estate-tax return, and this contention was denied by the commissioner. The principal sums of these notes were advances by the decedent to his sons upon the mutual understanding that any unpaid balance was to be taken out of their several shares of the estate at the time of the father’s death, and this was done. The ruling of the commissioner as to this item was correct. Plaintiffs are entitled to recover herein the sum of $581.16 with interest, and it is so adjudged and ordered.
SiNNott, Judge; GeeeN, Judge; Graham, Judge; and Boom, OMef Justice, concur.